# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 7 |
| Eileen Partridge a/k/a P.E. Partridge, | Case No. 11-15328<br>Judge Joan N. Feeney |
| Debtor. | |
| | Hearing Date:<br>Objection Deadline: |

## SHAUN FISHER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2) TO PROCEED WITH SUPERIOR COURT ACTION TO DETERMINE THE DEBTOR'S LIABILITY TO THE MOVANT

When debtor, Eileen Partridge a/k/a P.E. Partridge ("Debtor"), filed her voluntary Chapter 7 petition with this Court on June 2, 2011, she was less than a year away from trial on Shaun Fisher's multiple legal claims against her as filed with the Suffolk Superior Court on September 30, 2010. Further, the parties have already undertaken discovery and are currently awaiting trial. Moreover, having presided over the entire history of this litigation, the Suffolk Superior Court is best situated to resolve the legal issues from the perspectives of both judicial economy and its specific knowledge of these legal issues, the parties and the factual background.

Mr. Fisher's legal claims against the Debtor invoke 11 U.S.C. § 362(d)(2) in that, if he is successful, he will be pursuing the Debtor's professional liability insurance. As such, the Debtor, pursuant to § 362(d)(2)(A), does not have an equity interest in what Mr. Fisher seeks and, pursuant to § 362(d)(2)(B), the insurance policy proceeds are not necessary for the Debtor's effective reorganization.

By this Motion, Shaun Fisher seeks relief from the Automatic Stay so that he may proceed by whatever means are appropriate and consistent with the Superior Court's schedule to have his claims against the Debtor decided.

## I. PRELIMINARY STATEMENT

1

1. On September 30, 2010, Shaun Fisher sued the Debtor based on the Debtor's November 7, 2006 appraisal of the real estate located at 88 Grove Street in Chelsea, Massachusetts.

2. Shaun Fisher undertook substantial efforts to locate the Debtor.

3. On May 19, 2011, the Debtor was served with Shaun Fisher's complaint and summons.

4. On June 2, 2011, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

5. The bankruptcy filing invoked the Automatic Stay of litigation against the Debtor under Bankruptcy Code § 362(a), including the Debtor/Shaun Fisher trial which was scheduled for final disposition in July 2012.

6. By this Motion, Shaun Fisher seeks to lift the Automatic Stay to resolve the issues that are currently before the Suffolk Superior Court. Shaun Fisher meets both the general 'cause' factors[1] widely used by other Courts as well as the "colorable claim" test[2] common in the First Circuit to lift the Automatic Stay for "cause" under § 362(d)(1) and § 362(d)(2) of the Bankruptcy Code. The following factors support stay relief for Shaun Fisher in this case on *either* approach:

**A. Relief From The Automatic Stay Would Result In Complete Resolution Of Shaun Fisher's Underlying Claims Against The Debtor.**

**B. Shaun Fisher's Currently Advanced Litigation In Suffolk Superior Court.**

**C. Massachusetts Courts Possess Specialization To Hear Massachusetts Actions.**

**D. Judicial Economy Of The Suffolk Superior Court And The Bankruptcy Court..**

**E. Relief From The Automatic Stay Will Not Interfere With The Debtor's Underlying Bankruptcy Estate.**

---

[1] Derived from *In Re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984). See *Dora L. Aja v. Emigrant Funding Corporation*, 442 B.R. 857, 863 (B.A.P. 1st Cir. 2011). See also *In re Haines*, 309 B.R. 668 (Bankr. D. Mass. 2004); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3rd 26 (1st Cir. 1994); *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991); *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986) and *United States Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1987).

[2] A creditor seeking relief from the Automatic Stay bears the burden of proving that (1) an obligation is owed by the Debtor to the creditor, (2) it has a valid security interest for which relief is sought and (3) cause exists to justify relief from the Automatic Stay. See *In re Haines*, 309 B.R. 668 (Bankr. D. Mass. 2004).

F. <u>Allowing Shaun Fisher's Current Suffolk Superior Litigation Will Not Prejudice The Interests Of The Other Creditors, The Creditor's Committee Or Other Interested Parties</u>.

G. <u>Modifying The Automatic Stay Will Not Harm The Debtor</u>.

H. <u>The Debtor's Actions Are Central To Shaun Fisher's Current Suffolk Superior Court Litigation</u>.

I. <u>Shaun Fisher's Current Suffolk Superior Action Alleges That The Debtor/Defendant's Actions Involved Breach Of A Duty Owed</u>.

J. <u>Shaun Fisher's Claim Against The Debtor Arising From The Suffolk Superior Court Action Is Not Subject To Equitable Subordination Under § 510(c)</u>.

K. <u>Shaun Fisher's Success In Suffolk Superior Court Will Not Result In A Judicial Lien Avoidable By The Debtor under § 522(f)</u>.

L. <u>Not Providing Relief From The Automatic Stay Harms Massachusetts Consumers</u>.

M. <u>Debtor Has No Equity In The Desired Property</u>.

N. <u>Shaun Fisher Is An Undersecured Creditor</u>.

O. <u>The Desired Property Is Not Necessary For The Debtor's Effective Reorganization</u>.

These facts and applicable law provide compelling support for Shaun Fisher's request for stay relief under both § 362(d)(1) and § 362(d)(2) of the Bankruptcy Code.

## II. JURISDICTION

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

10. The relief requested in this Motion is predicated on 11 U.S.C. § 362(d), Rule 4001-1 and Rule 9014 of the Federal Rules for Bankruptcy Procedure.

## III. GENERAL BACKGROUND

3

11. The Debtor, while holding Massachusetts Certified General Real Estate Appraiser License Number 11 and working as a real estate appraiser for her sole proprietorship known as Hawthorne Property Advisors, and Mr. Jaleel Heath, a trainee working under the Debtor's supervision, appraised the real estate and home located at 88 Grove Street in Chelsea, Massachusetts ("Grove Street Property") for $450,000 on November 7, 2006.

12. This appraisal was ordered by Money-Wise Solutions, LLC as it sought to obtain financing for Shaun Fisher's purchase of the Grove Street Property.

13. Based on the Debtor's real estate appraisal and the Movant's credit, Shaun Fisher was able to purchase the Grove Street Property for $450,000 on January 5, 2007.

14. Several months after the transaction, Shaun Fisher became aware that the Grove Street Property was not in the condition, nor worth the value, as cited in the Debtor's appraisal.

15. On September 30, 2010, Shaun Fisher filed suit against several companies and individuals, including the Debtor, for their tortious conduct related to the Movant's purchase of the Grove Street Property.

16. Specifically, Shaun Fisher alleges that the Debtor engaged in tortious conduct in over-valuing the Grove Street Property.

17. On May 19, 2011, the Debtor was served with Shaun Fisher's complaint and summons.

18. On June 2, 2011, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

19. The bankruptcy filing invoked the Automatic Stay of litigation against the Debtor under Bankruptcy Code § 362(a).

20. Granting relief from the Automatic Stay for disposition of Shaun Fisher's claims against the Debtor in the current Suffolk Superior Court Action, as this Motion requests, will permit the parties to resolve all issues in said Suffolk Superior Court Action without forcing a return to this Court for additional Automatic Stay relief.

## IV. RELIEF REQUESTED

*Relief from the Automatic Stay for "Cause" Under 11 U.S.C.*

4

## *§ 362(d)(1) Is Warranted for Several Reasons*

Section 362(d)(1) of the Bankruptcy Code provides that "On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – for cause, including the lack of adequate protection of an interest in property of such party in interest."

### A. Relief From The Automatic Stay Would Result In Complete Resolution Of Shaun Fisher's Underlying Claims Against The Debtor.

### B. Shaun Fisher's Currently Advanced Litigation In Suffolk Superior Court.

### C. Massachusetts Courts Possess Specialization To Hear Massachusetts Actions.

### D. Judicial Economy Of The Suffolk Superior Court And The Bankruptcy Court..

21. Shaun Fisher seeks relief from the Automatic Stay to proceed with the current, pre-filing Suffolk Superior Court Action (Docket Number SUCV-03854-G) against the Debtor to final judgment. Lifting the stay for this purpose will permit the parties to resolve all issues in said Suffolk Superior Court Action without forcing a return to this Court for additional Automatic Stay relief.

22. Following the lead of Congress, the Courts generally find "cause" present under Section 362(d) to permit pre-petition litigation to be litigated in its original forum.

23. The legislative history from the House of Representatives discussing "cause" to satisfy relief from the Automatic Stay includes the following "As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case…the facts of each request will determine whether relief is appropriate under the circumstances" H.R. Rep. No. 595, 95th Cong., 1st Sess., 343 (1977), Reprinted in 1978 U.S. Code Cong. & Ad. News 6300

24. A Senate report discussing the same topic noted "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the

5

bankruptcy court from any duties that may be handled elsewhere" Senate Rep. No. 989, 95th Cong., 2nd Sess., 50, Reprinted in 1978 U.S. Code Cong. & Ad. News 5836.

25. A report from the House of Representatives further noted "The legislative history indicates that cause may be established by a single factor such as 'a desire to permit an action to proceed in another tribunal,' or lack of any connection with or interference with the pending bankruptcy case" H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

26. Courts have often permitted "litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial" Quoting Lawrence P. King, Collier on Bankruptcy 362.07[3][a] (15th ed. 2006).

27. In fact, the legislative history of section 362(d)(1) emphasizes that a single factor, such as allowing a proceeding to advance before another tribunal, can constitute the requisite 'cause.'[3] "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere" H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code Cong. & Admin. News 1978, at 5963, 6297; S.Rep. No. 95-989 (1978), U.S. Code Cong. & Admin. News 1978, at 5787, 5836). See also In re C & A, S.E., Case No. 05-05297 (Chapter 11) (D.P.R. Bankr. R 2006) and *In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992).

28. With respect to the Suffolk Superior Court Action, lifting the Automatic Stay for cause is merited as the action is nearly complete with discovery. After over a year of intensive discovery and motions practice, the parties are poised to begin trial preparations. The Suffolk Superior Court has presided over this intensive and protracted litigation and has thus developed the specialized knowledge pertaining to the issues between the parties including, but not limited to, M.G.L. Ch. 93A and the alleged real estate Ponzi scheme, its participants and its victims, including Shaun Fisher. In addition, the parties, their counsel and the Suffolk

---

[3] See *In re Haines*, 309 B.R. 668 (Bankr. D. Mass. 2004) and *Grella v. Salem Five Cent Sav. Bank*, 42 F3rd 26 (1st Cir. 1994).

Superior Court understand each others' expectations and practices. These are precisely the kind of circumstances under which lifting the Automatic Stay for 'cause' to conclude litigation.

29. Further, A de novo review of Shaun Fisher's claim against the Debtor by this Bankruptcy Court would be redundant and a waste of the Commonwealth of Massachusetts', the Debtor's and Shaun Fisher's time and resources. Additionally, the underlying State action involves multiple parties, including numerous, non-debtor parties.

### E. Relief From The Automatic Stay Will Not Interfere With The Debtor's Underlying Bankruptcy Estate.

### F. Allowing Shaun Fisher's Current Suffolk Superior Litigation Will Not Prejudice The Interests Of The Other Creditors, The Creditor's Committee Or Other Interested Parties.

### G. Modifying The Automatic Stay Will Not Harm The Debtor.

31. Shaun Fisher seeks to assert several legal claims against the professional liability insurance of the Debtor. Payment of the Movant's claim by said policy will not detract from the assets of, or interfere with, the Bankruptcy Estate and thus will not prejudice any of the remaining creditors or harm the Debtor.

### H. The Debtor's Actions Are Central To Shaun Fisher's Current Suffolk Superior Court Litigation.

### I. Shaun Fisher's Current Suffolk Superior Action Alleges That The Debtor/Defendant's Actions Involved Breach Of A Duty Owed.

32. The Debtor was not simply acting as a bailee, conduit or in some other lesser capacity in the Movant's current Suffolk Superior Court litigation. The Debtor's tortious conduct, related to her role as a residential real estate appraiser, is at the heart of Shaun Fisher's current Suffolk Superior Court Action (See *Shaun Fisher v. Joshua Brown et al.*, Suffolk Superior Court Docket Number SUCV2010-03854G Plaintiff's Complaint Paragraphs 58 through 60 and 244 through 293).

7

33. Further, Shaun Fisher has alleged that the Debtor's tortious conduct involved a breach of a duty that was owed to him (See *Shaun Fisher v. Joshua Brown et al.*, Suffolk Superior Court Docket Number SUCV2010-03854G Plaintiff's Complaint Paragraphs 244 through 293).

## J. Shaun Fisher's Claim Against The Debtor Arising From The Suffolk Superior Court Action Is Not Subject To Equitable Subordination Under § 510(c).

34. In order to establish Equitable Subordination of Shaun Fisher's claim against the Debtor pursuant to § 510(c), the Debtor must show that (1) Shaun Fisher engaged in inequitable conduct towards the Debtor, (2) Said inequitable conduct must have resulted in injury to the other creditors or given Shaun Fisher an unfair advantage and (3) That subordination of Shaun Fisher's claim is not in conflict with the provisions of federal bankruptcy law[4]. Shaun Fisher did not engage in any type of inequitable conduct towards the Debtor and his claim should not be equitably subordinated.

## K. Shaun Fisher's Success In Suffolk Superior Court Will Not Result In A Judicial Lien Avoidable By The Debtor under § 522(f).

35. Shaun Fisher, by his current Suffolk Superior Court Action, seeks no judicial lien on any of the exempted property of the Debtor. Rather, Shaun Fisher seeks to assert a claim against the Debtor's professional liability insurance. Should Shaun Fisher succeed in his claim against the Debtor in Suffolk Superior Court, he will only collect against the Debtor's professional liability insurance policy and not from the property of the Debtor.

## L. Not Providing Relief From The Automatic Stay Harms Massachusetts Consumers.

36. Not providing relief from the Automatic Stay in this case harms Massachusetts consumers in general as such a denial would provide an effective way for Massachusetts professionals to avoid liability for their actions by way of a bankruptcy filing. This Court should not permit the Debtor to utilize the Bankruptcy Code for such an improper purpose.

## *Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(2) Is Warranted*[5]

---

[4] Derived from *In re Merrimack Paper Company*, 420 F.3d 53 (1st Cir. 2005) quoting *In re Mobile Steel Co.*, 563 F.2d 692 (5th Cir. 1977).

[5] See *In re Haines*, 309 B.R. 668 (Bankr. D. Mass. 2004).

8

Section 362(d)(2) of the Bankruptcy Code provides that "On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

### M. Debtor Has No Equity In Her Professional Liability Insurance Policy.

38. Shaun Fisher seeks to assert several legal claims against the professional liability insurance of the Debtor. The Debtor has no equity interest in her professional liability insurance and any payments to Shaun Fisher pursuant to said policy will not come from the underlying bankrupt estate.

### N. Shaun Fisher Is An Undersecured Creditor.

39. In fact, Shaun Fisher holds no security interest in the Debtor's professional liability insurance policy.

### O. The Desired Property Is Not Necessary For The Debtor's Effective Reorganization.

40. The Desired Property, i.e. the Debtor's professional liability insurance policy, is not essential for the Debtor's effective reorganization. Further, the Debtor filed a Chapter 7 bankruptcy petition seeking discharge, not reorganization under Chapters 11 or 13.

41. The Courts have been clear that not all of the factors will be implicated in every case. See *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) and *In re Enron Corp.*, 306 B.R. 465, 476 (Bankr. S.D.N.Y. 2004). However, the factors that are applicable here plainly favor lifting the Automatic Stay to allow the current Suffolk Superior Court Action to conclude.

### CONCLUSION

WHEREFORE, Shaun Fisher respectfully requests that the Automatic Stay be lifted so that he may proceed with the current Suffolk Superior Court Action against the Debtor by whatever

9

means are appropriate and consistent with the Suffolk Superior Court's schedule in order to have his claims heard and that the Court grant such other and further relief as is just and proper.

Respectfully Submitted,
Movant and Creditor,
Shaun Fisher,
by his attorneys

Troy A. Felege, Esq. BBO# 660074
Roger P. Durkin, Esq. BBO# 665274
Durkin Law, PC
234 Lewis Wharf
Boston, MA 02110
(617) 720-0332

AND

Matthew J. Dunn, Esq. BBO# 654041
The Dunn Law Group
132 North Street
Hingham, MA 02043
(617) 725-0033

DATE: September 28, 2011

## CERTIFICATE OF SERVICE

I, Troy A. Felege, do hereby certify that I sent a true and accurate copy of the foregoing on this 28th day of September, 2011, via postage pre-paid, first class USPS to:

- Attorney for the Debtor, Wayne V. Gilbert, Esq., of Gilbert Law Offices, PC, 549 Columbian Street, Suite 318, Weymouth, MA, 02190.

TAF

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 7 |
| Eileen Partridge a/k/a P.E. Partridge, | Case No. 11-15328<br>Judge Joan N. Feeney |
| Debtor. | |

## NOTICE OF FILING OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUIREMENT TO FILE OBJECTION

NOTICE IS GIVEN that the above Movant has filed a motion requesting relief from the Automatic Stay, the details of which are as follows:

PLEASE SEE THE ACCOMPANYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR DETAILS

FURTHER NOTICE IS GIVEN that pursuant to Local Bankruptcy Rule 4001 if no written objection is filed with the Court and a copy served on the Movant, whose Attorneys' addresses are listed below in the signature section of this Notice,

WITHIN 14 DAYS of service of the motion, the motion for relief from the Automatic Stay may be granted without further hearing

Respectfully Submitted,
Movant and Creditor,
Shaun Fisher,
by his attorneys

Troy A. Felege, Esq. BBO# 660074
Roger P. Durkin, Esq. BBO# 565274
Durkin Law, PC
234 Lewis Wharf
Boston, MA 02110
(617) 720-0332

AND

Matthew J. Dunn, Esq. BBO# 654041
The Dunn Law Group
132 North Street
Hingham, MA 02043
(617) 725-0033

1

DATE: September 28, 2011

## **CERTIFICATE OF SERVICE**

    I, Troy A. Felege, do hereby certify that I sent a true and accurate copy of the foregoing on this 28th day of September, 2011, via postage pre-paid, first class USPS to:

- Attorney for the Debtor, Wayne V. Gilbert, Esq., of Gilbert Law Offices, PC, 549 Columbian Street, Suite 318, Weymouth, MA, 02190.

2